# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
302-735-2111

September 5, 2017

Chase N. Miller, Esq.
McCabe, Weisberg & Conway, P.C.
1407 Foulk Road, Suite 102
Wilmington, DE 19803

Isaiah F. Henry
Joan C. Henry
157 Greens Branch Lane
Smyrna, DE 19977

> **RE:** ***The Bank of New York Mellon, F/K/A The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates Series 2005-4, v. Isaiah F. Henry & Joan C. Henry C.A. No. K11L-10-078 JJC***

Submitted: August 31, 2017
Decided: September 5, 2017

Mr. Miller and Mr. and Mrs. Henry;

This letter sets forth the Court's decision after an inquisition hearing to determine the amount of an *in rem* judgment entered by default in favor of The Bank of New York Mellon (hereinafter the "Bank") against Isaiah and Joan Henry (hereinafter collectively "the Henrys"). On November 29, 2004 the Henrys executed and delivered to the Bank a mortgage on the property known as 157 Greens Branch Lane in Smyrna Delaware 19977. The original principal due on this mortgage was $225,436.00 with an adjustable rate. The Bank alleged that the Henrys have failed to make monthly payments and have long since defaulted. The Bank, in response,

filed a mortgage foreclosure action against the Henrys on October 25, 2011. Pursuant to 10 *Del. C.* § 3901 (hereinafter "§3901"), the Bank demanded the Henrys answer the complaint's allegations by affidavit. They filed an answer claiming that they had made payments but the Bank did not credit them for those amounts. However, they filed no affidavit. Section §3901 require that

> [i]f the plaintiff or plaintiffs complies [sic] with this section, and the defendant or defendants [sic] fails to respond to the designated allegations by affidavit filed with the answer or answers, the designated allegations will be deemed admitted, and default judgment may be entered thereon, in the discretion of the court and upon motion by the plaintiff.

Here, the Bank complied with this section but the Henrys failed to respond by affidavit. Upon motion, the Court entered a default judgment against the Henrys. After entry of the default judgment, the Court scheduled an inquisition hearing to determine the amount of the judgment because (1) the Bank sought amounts that were not specified in the Complaint, and (2) the Henrys contested the claimed amount because they alleged making more payments than the Bank represented.

At the inquisition hearing, the Bank sought judgment in the amount of $482,573.98 including $221,658.00 for the principal balance, $198,206.60 for interest, $35,198.01 for escrow advances, $7,589.00 for corporate advances, $32 in miscellaneous fees and $21,161.19 in attorneys' fees. The Bank applied a credit of $1,270.82 in unapplied funds which according to Patrick Pitman, who testified on behalf of the Bank, were the only payments the Henrys made on the account.

In an inquisition hearing, "the sole focus . . . is the amount of damages owed to the plaintiff, which is determined by the . . . judge."[1] To determine the amount of the default judgment, the Court's findings must be based on the preponderance of

---

[1] *Jagger v. Schiavello*, 93 A.3d 656, 659 (Del. Super. Ct. 2014).

the evidence.[2] Preponderance of the evidence means "the side on which the greater weight of the evidence is found."[3]

After considering the evidence presented at the hearing, the Court finds that the Bank established through testimony and the documents submitted, by a preponderance of the evidence, that it is entitled to an *in rem* judgment for $461,412.79. The Bank established that the principal balance on the mortgage is $221,658.00. Additionally, the accrued interest on the mortgage, according to the testimony and statement prepared by Select Portfolio Servicing dated August 25, 2017 and admitted into evidence, was $198,206.60 as of the date of the hearing. According to the same report, the escrow advance balance was $35,198.0, the corporate balance amount was $7,589.00, and there were an additional $32 in miscellaneous fees. The report also includes a credit to the Henrys in the amount of $1,270.82 for amounts that they have previously paid. While Mrs. Henry testified that they made approximately $1,700 in payments on the mortgage since its default, they provided no corroboration for the extra approximately $430 in alleged payments. The Court finds that the Bank met its burden in proving damages in the amount of $461,412.79 and will enter a final judgment in that amount, together with an allowance for court costs and post-judgment interest at the legal rate.

The evidence presented by the Henrys at the inquisition hearing focused primarily on the hardships they have faced and their frustration regarding losing their home. The Court sympathizes with the Henrys. However, the Bank proved its legal entitlement to this judgment and award.

As a final matter, the Bank also sought reasonable attorneys' fees. However, after reviewing the mortgage, the Court finds that it does not provide for attorneys'

---

[2] *Id.*

[3] *Id.*

fees. Namely, the document states that the Bank is entitled to "attorneys' fees of ____%." The Court will not award the "payment of attorneys' fees . . . absent a statutory or contractual provision."[4] As the contract here did not specify the amount of attorneys' fees due the Bank (in fact it provides for "__%"), the Court declines to award them. Accordingly, the Court hereby enters judgment in this matter *in rem* in the amount of $461,412.79, together with court costs and post-judgment interest accruing at the legal rate after the date of this Order.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark

JJC:jb
*Via File & Serve Xpress*

---

[4] *Dover Historical Soc'y Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1092 (Del. 2006).